**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LISA ROGERS and JESSIE RANDOLPH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 25 C 9564 |
| v. | ) ) | Judge Sara L. Ellis |
| TITAN SECURITY GROUP, LLC, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiffs Lisa Rogers and Jessie Randolph filed this class action lawsuit against their previous employer, Titan Security Group, LLC ("Titan"), seeking to recover unpaid wages allegedly owed to them and the putative class under state and federal law. As relevant here, Randolph alleges that Titan violated the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, by subjecting him and other class members to multiple illegal pay practices that resulted in Titan failing to pay them for the hours they worked, in violation of their employment agreement. Titan has now filed a partial motion to dismiss, arguing that Randolph failed to allege the existence of an employment agreement entitling him to recover these unpaid wages. Because Randolph alleged that (1) Titan offered to pay him an hourly rate for all hours he worked within a workweek and (2) he accepted this offer, the Court finds that he has pleaded sufficient facts to infer the existence of an employment agreement. The Court therefore denies the motion to dismiss.

## BACKGROUND[1]

Titan provides security services to clients throughout the United States. To provide these services, Titan employs numerous non-exempt hourly security workers, including Randolph. Randolph worked at Titan as a field supervisor in Illinois from March 2022 to October 2023, and Titan agreed to pay him an hourly rate for all hours he worked within a workweek. Randolph accepted this offer but alleges that Titan subjected him to multiple illegal pay practices that resulted in Titan failing to pay him for the hours he worked.

Specifically, Titan had a policy to automatically deduct one 30-minute meal period from hourly employees' daily time. Despite this policy, Randolph did not receive daily 30-minute meal breaks because Titan regularly required him to work through his unpaid meal period. Titan also had a practice of manually altering, reducing, or rounding down Randolph's time entries, including shaving time off the beginning and/or end of his shifts when he worked more hours than originally scheduled. Finally, Titan required Randolph to attend unpaid, mandatory training courses every 30 to 60 days to receive updates on company policies, procedures, and local regulations related to his work.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule

---

[1] The Court takes the facts in the background section from Plaintiffs' complaint and presumes them to be true for the purpose of resolving Titan's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Because Titan moves to dismiss only the IWCPA claim, the Court summarizes only the facts relevant to that claim.

12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The IWCPA "provides employees with a cause of action against employers for the timely and complete payment of earned wages." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (citing 820 Ill. Comp. Stat. 15/3). "The IWPCA defines 'wages' as 'compensation owed an employee by an employer pursuant to an employment contract or agreement between the [two] parties.'" *Chagoya v. City of Chicago*, 992 F.3d 607, 624 (7th Cir. 2021) (quoting 820 Ill. Comp. Stat. 115/2). "To state a claim under the IWPCA, employees are 'required to demonstrate that they are owed compensation from defendants pursuant to an employment agreement.'" *Id.* (quoting *Enger*, 812 F.3d at 568). The employment agreement "need not be a formally negotiated contract," and "requires only a manifestation of mutual assent on the part of two or more persons." *Landers-Scelfo v. Corp. Off. Sys., Inc.*, 356 Ill. App. 3d 1060, 1067 (2005). For this reason, an employee "seeking to recover under [the IWPCA] does not need to plead all contract elements if she can plead facts showing mutual assent to terms that support the recovery." *Id.* at 1068.

Titan asks the Court to dismiss Randolph's IWPCA claim, arguing that he failed to allege "any contract or agreement entered into between Randolph and Titan to create a right to payment for Randolph." Doc. 102 at 3. Although Titan admits that the complaint alleges (1) that Titan

3

agreed to pay Randolph "an hourly rate for all hours [he] worked within a workweek" and (2) that Randolph "accepted" Titan's offer, Doc. 1 ¶¶ 129–30, Titan argues that these allegations are too vague and conclusory to suggest mutual assent. Randolph disagrees, arguing that he "sufficiently alleges an agreement to be paid for *all* compensable work he performs for Titan" and has therefore provided fair notice of his claim and the grounds on which it rests. Doc. 103 at 1–2.

The Court agrees with Randolph that Titan seeks to hold Randolph to a higher pleading standard than required. While Titan argues that the complaint lacks any "allegations pertaining to whom at Titan made the alleged offer, when that alleged offer was made, what terms specifically were included in the alleged offer, how those terms were communicated, or how and when Plaintiff accepted this offer," Doc. 104 at 2, the law is clear that this level of detail is not necessary to survive a motion to dismiss, *see Landers-Scelfo*, 356 Ill. App. 3d at 1067 ("[A] worker seeking to recover under [the IWPCA] *does not need to plead all contract elements* if she can plead facts showing mutual assent to terms that support the recovery." (emphasis added)). Rather, Randolph need only allege "the existence of a contract or agreement that specifically gives [him] a right to the wages [he] seeks." *Chagoya*, 992 F.3d at 625. Here, Randolph has alleged that Titan agreed to pay him at an hourly rate for all the hours he worked within a workweek. Given that he seeks to recover unpaid wages at his hourly rate for the hours he worked during workweeks, his allegations suffice at this stage of the case.

As Randolph points out in his response, multiple courts have held that similar allegations were sufficient to survive a motion to dismiss. In *Graves v. Franciscan Alliance, Inc.*, for example, the plaintiff alleged that her employer required her to continue working through unpaid meal break periods and sought to recover her unpaid wages under the IWPCA. No. 1:24-CV-

4

01031, 2025 WL 674082, at *5 (S.D. Ind. Mar. 3, 2025). The defendant moved to dismiss, arguing that the complaint's allegation that defendant "agreed to pay [plaintiff] for all hours worked" did not sufficiently suggest an employment agreement because it included "no factual details as to the nature or terms of these purported agreements with [defendant]– including any rates of pay – or how and when they were formed." *Id.* at *3. The court disagreed, explaining that the Federal Rules did not require plaintiff to allege specific facts regarding the "rates of pay and how and when the agreements were formed" to survive a motion to dismiss. *Id.* at *4.

Similarly, in *Whitford v. Blessing Corporate Services, Inc.*, the plaintiff alleged in support of her IWPCA claim that defendants "agreed to pay her and each Wage Act Class Member an hourly rate for all hours they worked in a workweek during their employment and that Plaintiff Whitford and each Wage Act Class Member accepted Defendant's offer." No. 25-CV-3204, 2026 WL 820665, at *4 (C.D. Ill. Mar. 25, 2026). The defendant moved to dismiss, arguing that these "conclusory allegations" were "insufficient to support a claim that an employer failed to pay an employee for off-the-clock work before or after work and/or during unpaid meal breaks." *Id.* at *3. The court disagreed, concluding that the plaintiff had sufficiently alleged "the existence of an agreement specifically giving her a right to the wages she seeks." *Id.* at *5.

Finally, in *Martinez v. Utilimap Corp.*, the defendant similarly moved to dismiss an IWCPA claim, arguing that the plaintiffs failed to allege an employment agreement entitling them to compensation. No. 3:14-CV-310, 2014 WL 6751832, at *3 (S.D. Ill. Nov. 24, 2014). The court denied the motion to dismiss, explaining that the complaint sufficiently alleged that defendant would pay plaintiffs "the wage [it] offered" them in exchange for their employment. *Id.* The court noted that defendant "assented to these terms by hiring the plaintiffs, and the

5

plaintiffs assented by working." *Id.* "Thus, the complaint [was] not deficient for failing to allege an employment agreement." *Id.*

While Titan disregards the cases cited in Randolph's response as "rogue opinion[s]" that do not reflect "the majority view," Doc. 104 at 3, none of the caselaw Titan relies upon is on point. Indeed, in most of the cases cited by Titan, the plaintiffs failed to allege *any* facts suggesting an employment agreement entitling them to the wages they sought. *See Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *2 (N.D. Ill. May 15, 2012) ("The complaint does not allege the existence of an employment contract or agreement, explicit or implicit, entitling Dominguez to overtime pay for overtime hours worked or to pay for time spent stocking shelves."); *Smith v. C.H. James Rest. Holdings, L.L.C.,* No. 11 C 5545, 2012 WL 255806, at *2 (N.D. Ill. Jan. 26, 2012) ("Smith does not allege facts that suggest that he had a contract with Defendants regarding his pay. Nor does Smith allege facts that would suggest even an informal employment agreement with Defendants."); *DeMarco v. Nw. Mem'l Healthcare*, No. 10 C 397, 2011 WL 3510896, at *6 (N.D. Ill. Aug. 10, 2011) ("DeMarco adduces no evidence of *any* agreement between her and NMH, let alone an agreement requiring compensation for hours worked but not recorded."). That is not the case here, because Randolph alleged that Titan agreed to pay him an hourly rate for all hours he worked during a workweek. This sufficiently raises an inference of an employment agreement entitling Randolph to recover the unpaid wages he seeks.

6

**CONCLUSION**

For the foregoing reasons, the Court denies Titan's motion to dismiss [101].

Dated: May 19, 2026

SARA L. ELLIS
United States District Judge